1  **TYSON & MENDES LLP**
   GRIFFITH H. HAYES
2  Nevada Bar No. 7374
   Email(s):  ghayes@tysonmendes.com
3  2835 St. Rose Pkwy., Suite 140
   Henderson, NV 89052
4  Telephone: (702) 724-2648
   Facsimile: (702) 410-7684
5  *Attorneys for Defendants SAM'S WEST, INC. d/b/a SAM'S CLUB*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| WASSIM EL HADDAD, individually, | CASE No. 2:25−cv−01361−JAD−BNW |
|---|---|
| Plaintiffs, | **STIPULATION REGARDING RULE 35 MEDICAL EXAMINATION OF PLAINTIFF** |
| vs. | |
| SAM'S WEST, INC. d/b/a SAM'S CLUB, a Foreign Corporation; M&D Group, LLC, a Nevada Limited Liability Company; DOE EMPLOYEES; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive. | **Date: December 15, 2025**<br>**Time: 10:00 a.m.** |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED between Plaintiff, WASSIM EL HADDAD ("Plaintiff"), and Defendant SAM'S WEST, INC. d/b/a SAM'S CLUB ("Defendant"), by and through their respective attorneys of record, that the following parameters concerning the Plaintiff's Rule 35 Examination with Dr. Reynold Rimoldi shall be imposed pursuant to the following:

1. The doctor will not require the plaintiff/examinee to sign any paperwork other than a "sign-in" sheet or authorization to perform the examination.

2. The date and time shall be coordinated with Plaintiff's counsel.

3. The examination may be audio recorded by Plaintiff and a copy will be provided upon request.

4. The doctor will retain all handwritten notes, e-mails sent and received, and all documents generated or received, including draft reports, related to the examination.

///

1

5. The doctor will produce a copy of his/her entire file (including all items listed in #4 above), within 30 days of the examination, including any test materials/raw data.

6. Plaintiff shall be permitted to bring an observer to the examination.

7. The doctor will not speak with or attempt to engage any family member or friend who may accompany the plaintiff/examinee to the examination.

8. All paperwork to be completed by Plaintiff shall be provided to Plaintiff's counsel at least five days prior to the examination and will be returned to defense counsel prior to the examination.

9. The examination shall not last longer than 90 minutes unless extraordinary circumstances are presented to Plaintiff counsel in writing — at least five days in advance of the examination — that justify additional time.

10. Plaintiff shall not be required to wait in the waiting room for longer than 30 minutes before the commencement of the examination.

11. Questions not normally a part of a customary medical examination may not be asked or discussed by the examiner or his or her employees, agents, and/or representatives, for example, liability, fault for the accident, potential monetary recovery, professional criticisms, Plaintiff's motivation for or willingness to pursue the claim, Plaintiff's intentions/thoughts regarding potential monetary recovery, Plaintiff's understanding of the cause of the injuries, etc. Moreover, any information concerning of Plaintiff's pre-existing conditions, if any, must derive from the examining physician's review of the applicable medical records, deposition testimony, written discovery responses, etc., and such questions may not be asked of the Plaintiff in connection with or during the examination.

12. No x-rays or radiographs may be obtained during the examination. During the course of this case, film studies have been produced pursuant to FRCP 26. These are the same film studies relied upon by the treating physicians in this case. If additional film studies are necessary for the Rule 35 Examination, please detail in writing why such studies are necessary — at least five days before the examination —and the issue may be re-visited.

///

13. If the examining physician subjects Plaintiff to physically painful or intrusive procedures, Plaintiff reserves the right to immediately terminate the examination and to contact the Discovery Commissioner.

14. No invasive procedures are allowed.

15. Plaintiff shall not be required to disrobe from the waist down during the examination. Plaintiff shall wear loose-fitting shorts or pants to the examination to prevent the need for disrobing.

16. If the examining physician is of the opposite sex as the Plaintiff, a nurse shall be required to be in the room at all times during the examination.

17. The examining physician shall not engage in ex parte contact with Plaintiff's treating health care providers.

18. The examining physician shall not discuss with Plaintiff his/her opinions regarding Plaintiff's medical treatment or his/her review of any films or film reports reviewed by the physician.

19. Defendant shall forward a copy of the examination report and the doctor's complete file, including any test material/raw data, to Plaintiff's counsel within 30 days of the examination.

20. The defense shall not have anyone other than the examiner and a staff person/nurse attend the examination.

21. The physical portion of the examination shall be limited to the parts of the body, that bear a reasonable relationship to the body parts that Plaintiff has placed in controversy.

22. Defense counsel or staff shall notify the examiner of these rules and advise the examiner that the examination is expressly contingent on the examiner adhering to each and every rule.

23. Defense counsel shall send correspondence indicating, in writing, that defense counsel and the examiner are aware of the foregoing rules and do thereby stipulate to adhere to them. At that time, Plaintiff may agree to attend the examination scheduled at a mutually convenient date and time without necessity of a Court Order authorizing a Rule 35.

**IT IS SO STIPULATED.**

Dated this 12<u>th</u> day of December, 2025.

**TYSON & MENDES LLP**

/s/ *Griffith H. Hayes*

_____
GRIFFITH H. HAYES
Nevada Bar No. 7374
TYRUS COBB
Nevada Bar No. 8031
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
*Attorneys for Defendant SAM'S WEST, INC. d/b/a SAM'S CLUB*

Dated this 12<u>th</u> day of December, 2025.

**PACIFIC WEST INJURY LAW**

/s/ *Kirill Mikhaylov*

_____
KRISTOPHER M. HELMICK
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV
Nevada Bar No. 13538
5940 South Rainbow Boulevard
Las Vegas, NV 89118
*Attorneys for Plaintiff*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
Dated: December 15, 2025

4

## Kellene Fletcher

| | |
|---|---|
| **From:** | Stefania Rota Scalabrini |
| **Sent:** | Friday, December 12, 2025 11:34 AM |
| **To:** | Kellene Fletcher |
| **Subject:** | FW: El Hadadd v. Sam's West ( 25-2693) FRE 408 |
| **Attachments:** | Stip re IME (A0259519xDBB43).DOCX |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Can you please file in Federal Court? This is just a Stipulation. (no request for the just to issue an order)

Thank you.



**Stefania Rota Scalabrini**
**Paralegal**

2835 St. Rose Pkwy., Suite 140
Henderson, Nevada 89052
**Main**: 702.724.2648
**Direct**: 725.605.4276
**Fax**: 702.410.7684
srotascalabrini@tysonmendes.com
www.tysonmendes.com

*This email and any attachments are from the law firm of Tyson & Mendes, LLP. This email is intended only for the use of the addressee and may contain information that is proprietary, confidential, privileged, or protected by state or federal law. If you are not the intended recipient, any disclosure, copying, distribution, or use of the contents of this email and attachments are prohibited. If you received this email in error, please notify us by reply email immediately so we may arrange for the retrieval of the information*

**From:** Kirill Mikhaylov, Esq. <Kirill@PacificWestinjury.com>
**Sent:** Friday, December 12, 2025 11:28 AM
**To:** Stefania Rota Scalabrini <srotascalabrini@tysonmendes.com>; Michelle Zuniga <Michelle@PacificWestinjury.com>; Griffith Hayes <ghayes@TysonMendes.com>
**Cc:** 2321539@bcc.casepeer.com; Claudia Corral <Claudia@PacificWestinjury.com>
**Subject:** RE: El Hadadd v. Sam's West ( 25-2693) FRE 408

You can affix my electronic signature. Thank you.